In the Matter of the Rehabilitation of BOND AND MORTGAGE GUARANTEE COMPANY. In the Matter of a Plan of Readjustment, etc., of the Rights of the Holders of Investments in a Certain Mortgage Covering Premises Known as 901 Washington Avenue, Borough of Brooklyn, County of Kings, City and State of New York, Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY and Designated as Guarantee No. 160,051. SAMUEL S. KAUFMAN, BEATRICE E. KAUFMAN, EMMA KUHN, CHARLOTTE T. BANNISTER, and EMMA MICHAELSON, Appellants; MORTGAGE COMMISSION OF THE STATE OF NEW YORK, DOWS ESTATES, INC., THE JOSEPH WECHSLER ESTATE, INC., CORN EXCHANGE BANK TRUST COMPANY, as Trustee under the Last Will and Testament of CHARLES STUECK, Deceased, and as Trustee for CHARLOTTE REECIDD SMART under the Last Will and Testament of EMMA F. SMART, Deceased, WILLIAM STRATHMANN, BANKERS TRUST COMPANY and JENNIE P. BUNKER, as Trustees, GEORGE R. BUNKER ESTATE, Respondents. — In a proceeding for a readjustment of the rights of the holders of certain mortgage certificates, final order approving a plan for such readjustment under the Schackno Act modified so as to provide that the additional consents filed by the respondents subsequent to the entry of the final order, pursuant to a stipulation of the parties, shall be considered filed nunc pro tunc as of the date of said final order and be counted in making up the required two-thirds. As so modified, the final order is unanimously affirmed, with costs to the respondents. Section 8 of the Schackno Act (Laws of 1933, chap. 745, as amd. by Laws of 1935, chap. 588) provides that if, at the time of making such order, the percentage of the holders of such mortgage investment shall not have approved the same, such order shall provide that, upon satisfactory proof of the fact that sixty-six and two-thirds per cent of the holders in principal amount of such mortgage investments shall have approved the same,

a further order may be entered *ex parte* approving such plan or agreement, which further order shall be binding upon all the holders of such mortgage investments and upon the guarantee corporation. In our opinion, this provision authorizes the inclusion of the additional consents filed herein subsequent to the entry of the final order in order to make up the required two-thirds. But in order that there may be no question as to the validity of the final order, we modify the same so as to permit the filing of such additional consents *nunc pro tunc*. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.